UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES STEWART,<br><br>            Plaintiff,<br><br>      v.<br><br>FRANCIS GEISSLER, et al.,<br><br>            Defendants. | CASE NO. C19-5620 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AND GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Plaintiff James Stewart's ("Stewart") motion for a new trial, Dkt. 7, and Defendant Bryan Chushcoff's ("Judge Chushcoff") motion to dismiss for failure to state a claim, Dkt. 10.[1] The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies the motion for a new trial and grants the motion to dismiss for the reasons stated herein.[2]

---

[1] Stewart's complaint lists Bryan "Cushcoff." Dkt. 1. The Court uses the spelling in Judge Chuschoff's motion. Dkt. 10. Judge Chuschoff serves on the Pierce County Superior Court for the State of Washington. *Id.* at 1.

[2] No pleadings were filed in opposition to either motion.

ORDER - 1

## I. PROCEDURAL BACKGROUND

On July 8, 2019, Stewart filed a complaint against Defendants Dr. Francis Geissler, Franciscan Hospital, Judge Bryan Chushcoff, Marti J. McCaleb, Floyd, Phluger & Ringer, and Amber L. Pearce. Dkt. 1.

On August 13, 2019, Stewart filed a motion for a new trial. Dkt. 4. On October 8, 2019, the Court denied the motion, finding that Stewart had failed to provide any authority for his position that the Court should order a new trial. Dkt. 6.

On January 24, 2020, Stewart filed a second motion for new trial. Dkt. 7.

On March 24, 2020, Judge Chushcoff filed a motion to dismiss for failure to state a claim. Dkt. 10. Stewart did not respond. On April 16, 2020, Judge Chushcoff replied. Dkt. 11.

## II. DISCUSSION

**A.  Motion for a New Trial**

As stated in the Court's prior order denying Stewart's motion for a new trial, Stewart has filed an earlier suit in this court seeking a new trial based on the same set of facts. Dkt. 6. After the Court struck Stewart's motions in that case and directed him not to file any further pleadings, *see Stewart v. McCaleb*, C18-5407BHS (W.D. Wash. Apr. 16, 2019), Stewart filed his complaint in the instant case.

Stewart's latest motion again fails to provide any authority for his position that the Court should order a new trial. As the Court explained in Stewart's prior case, "there was no original trial in this Court such that the Stewarts can identify errors that may or could be corrected by granting a new trial. *See* Fed. R. Civ. P. 59. To the extent the Stewarts

1 | request that this Court order a new civil trial in state court, they provide absolutely no
2 | authority for such a drastic remedy of a federal court ordering a state court to rehear a
3 | civil trial." *Stewart*, C18-5407BHS (W.D. Wash. Oct. 22, 2018). The Court denies
4 | Stewart's current motion for a new trial for the same reasons.

5 | **B.    Motion to Dismiss**

6 |     Judge Chushcoff moves to dismiss arguing that Stewart's claims against him are
7 | barred by both res judicata and judicial immunity. Dkt. 10. The Court agrees with both
8 | arguments. Further, Stewart did not respond to the motion, which the Court may construe
9 | as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2).

10 |     In this case, as in the prior case, all of Stewart's allegations against Judge
11 | Chuschcoff appear to arise out of Judge Chuschcoff's adverse rulings against Stewart in
12 | his judicial capacity in the underlying state court litigation. As the Court found in the
13 | previous suit, Judge Chuschcoff is entitled to judicial immunity for actions taken in his
14 | judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge is absolutely
15 | immune from liability for his judicial acts even if his exercise of authority is flawed by
16 | the commission of grave procedural errors."); *Stewart*, C18-5407BHS (W.D. Wash. Aug.
17 | 15, 2018). Even Stewart's apparently new (and speculative) allegations that Judge
18 | Chushcoff was offered a bribe do not change that finding.[3] "To foreclose immunity upon
19 | allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy

---

[3] The complaint states "What did Judge Chushcoff have to gain by Filing a False Suit against against [sic] the Plaintiff? The only thing that James can think of, is that Judge Chuschoff was offered a large bribe by Dr. Geissler and that the offer was Probably In [sic] the neighborhood of 20 million dollars." Dkt. 1 at 5.

or bribery serves to defeat" the policies underlying broad judicial and prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Id.*

Moreover, Stewart's claims against Judge Chuschoff are barred by res judicata. Res judicata "bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528–29 (9th Cir. 1998) (internal quotation omitted). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Regarding the first factor, even if Stewart's allegation that Judge Chuschoff "[filed] a [f]alse [s]uit" against him is construed as referring to some action outside his judicial rulings, Stewart's current claims are the same and are based on the same nucleus of facts as the previous action—the state court resolution of his medical malpractice claim as a deprivation of due process. Regarding the second and third factors, this Court previously entered a final judgment on the merits addressing Stewart's claims against Judge Chuschoff. *Stewart*, C18-5407BHS (W.D. Wash. Aug. 15, 2018). Therefore, the Court grants Judge Chuschoff's motion to dismiss because Stewart's claims against Judge Chuschoff are barred as a matter of law.

The legal shortcomings of Plaintiffs' claim are not a matter that can be resolved by amendment. *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A

ORDER - 4

district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities."). Because amendment would be futile, Stewart's claims against Judge Chuschoff are dismissed with prejudice and without leave to amend.

## III. ORDER

Therefore, it is hereby **ORDERED** that Stewart's motion for a new trial, Dkt. 7, is **DENIED**, Judge Chushcoff's motion to dismiss, Dkt. 10, is **GRANTED**, and Stewart's claims against Judge Chuschoff are **DISMISSED with prejudice**. The Clerk shall terminate Judge Chuschoff as a defendant.

Dated this 23rd day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge